UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
MARIO ROLANDO CUN, individually and on behalf of all others similarly situated,

                                Plaintiff,

             -against-

DGNY GROUP INC. d/b/a/ SON CUBANO and
ALEXANDER DURAN,

                                Defendants.
-------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Mario Rolando Cun ("Cun"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, DGNY Group Inc. d/b/a Son Cubano ("Son Cubano") and Alexander Duran ("Duran") (collectively "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Son Cubano is a domestic corporation with its principal place of business located at 40-4 Riverwalk Place, West New York, New Jersey 07093.

8. Defendant Alexander Duran is an individual residing, upon information and belief, in the state of New Jersey.

9. At all relevant times Duran was, and still is, an officer, director, shareholder and/or person in control of Son Cubano, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. Upon information and belief, at all relevant times, Defendants' gross revenues were and are in excess of $500,000.00 per year.

11. Defendants operate in interstate commerce.

12. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

13. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

14. The FLSA Collective Plaintiffs consist of no less than thirty (30) similarly situated current and former employees of Defendants, including dishwashers, cooks and other food preparers, busboys, and waiters, who work or worked in excess of forty (40) hours per workweek and are victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

15. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

16. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

17. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

18. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable

through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

19. Cun worked for Defendants as a cook from in or around October 2012 until on or around December 2013, and as a sous chef from in and around January 2014 until on or around August 15, 2018.

20. As a cook, Cun's principal job responsibilities included helping the chef prepare food, chopping vegetables, maintaining inventory of food items, placing orders for food items, and working alongside other cooks employed by Defendants.

21. As a sous chef, Cun's job duties remained largely the same as those of a cook, although he also occasionally ordered inventory supplies, verified that deliveries were correct, and inspected inventory for spoilage.

22. Neither Cun's nor the FLSA Collective Plaintiffs' primary job duties involved creating Defendants' food menu; rather, Plaintiff and the FLSA Collective Plaintiffs merely assisted the chef with preparing foods items and performed other manual tasks in the kitchen and the restaurant.

23. Neither Cun nor the FLSA Collective Plaintiffs had the authority to hire, fire, or discipline employees, nor did they make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

24. Neither Cun nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in an executive, professional, administrative, or outside sales capacity.

25. As a result, Cun and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

26. At all relevant times, Cun regularly worked five (5) days per workweek, as follows: 11:00 a.m. to 11:00 p.m. on Wednesdays and Thursdays; 11:00 a.m. to 11:30 p.m. on Fridays and Saturdays; and 10:00 a.m. to 6:00 p.m. on Sundays, for a total of approximately fifty-seven (57) hours per workweek.

27. Plaintiff did not typically take meal or rest breaks during his shifts.

28. At all relevant times, Cun and FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week, yet Defendants failed to compensate them at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

29. From the start of Cun's employment until on or around December 2013, Cun was paid at a regular rate of $10.00 per hour and received overtime pay for any hours worked in excess of forty (40) hours per workweek.

30. In or around January 2014, when Cun began working as a sous chef, Defendants began paying Cun a fixed weekly salary for all hours worked, including hours worked in excess of forty (40) hours per workweek.

31. As a result, Defendants failed to pay Cun overtime compensation for any hours worked in excess of forty (40) hours per week.

32. Although Cun was tasked with additional responsibilities as a sous chef, the additional duties were not supervisory in nature and did not otherwise not cause Cun's status to change from non-exempt to exempt under either the FLSA or the NJWHL.

33. From in or around January 2014 until in or around December 2015, Cun was compensated at a fixed weekly rate of $600.00 for all hours worked per workweek.

34. From in or around January 2016 until in or around December 2016, Cun was compensated at a fixed weekly rate of $700.00 for all hours worked per workweek.

35. From in or around January 2017 until in or around December 2017, Cun was compensated at a fixed weekly rate of $850.00 for all hours worked per workweek.

36. From in or around January 2018 until in or around August 2018, Cun was compensated at a fixed weekly rate of $950.00 for all hours worked per workweek.

37. For some or all the relevant time period, Defendants required Cun to use a clock in/clock out time system to record the hours that Plaintiff worked each week.

38. Upon information and belief, at all relevant times, Defendants reviewed Plaintiff's and the FLSA Collective Plaintiffs' time cards.

39. Therefore, Defendants knew or should have known that Plaintiff and FLSA Collective Plaintiffs were routinely working more than forty (40) hours per week.

40. Despite this knowledge, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime pay for the hours that they worked over forty (40) per workweek.

41. Defendants knew or should have known that their failure to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation was a violation of the FLSA and/or acted in reckless disregard of the federal and state wage and hour laws.

42. Defendants' refusal to pay Plaintiff and FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

43. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

## AS AND FOR A FIRST CAUSE OF ACTION BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

44. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

45. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

46. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

47. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

48. Instead, Defendants compensated Plaintiff and a portion of the FLSA Collective Plaintiffs a fixed salary each workweek, and failed to provide Plaintiff and those FLSA Collective Plaintiffs with overtime wages.

49. Defendants compensated the remaining the FLSA Collective Plaintiffs on an hourly basis for all hours per workweek, including all hours worked in excess of forty (40) hours per workweek, and failed to provide those FLSA Collective Plaintiffs with overtime premiums.

50. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

51. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

52. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

53. Plaintiff repeats and realleges all prior allegations set forth above.

54. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to an overtime hourly wage of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

55. Throughout the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

56. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) in a workweek.

57. Instead, Defendants compensated Plaintiff a fixed salary each workweek, and failed to provide Plaintiff with any overtime wages for hours worked in excess of forty (40) per week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A THIRD CAUSE OF ACTION**
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

61. Plaintiff repeats and realleges all prior allegations.

62. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

63. Defendants also failed to pay Plaintiff all wages due, including overtime wages, not later than the regular payday for the pay period during which his termination took place, in violation of N.J.S.A. 34:11-4.3.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

65. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, pre- and post- judgment interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

    a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

    b) on the Third Cause of Action for all wages due to Plaintiff;

    c) interest;

    d) costs and disbursements; and

    e) such other and further relief as is just and proper.

Dated: New York, New York
October 12, 2018

                                                     */s/ Adam Sackowitz*
                                                     Adam Sackowitz
                                                     Katz Melinger PLLC
                                                     280 Madison Avenue, Suite 600
                                                     New York, New York 10016
                                                     t: (212) 460-0047
                                                     f: (212) 428-6811
                                                     ajsackowitz@katzmelinger.com
                                                     *Attorneys for Plaintiff*