James M. McDonnell, Esq. (Bar ID #030572001)
Beth L. Braddock, Esq. (Bar ID #060492013)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARIO ROLANDO CUN, individually and on behalf of all others similarly situated, | : : : | Civil Action No.: 2:18-cv-14951-KM-JBC |
| Plaintiff, | : : : | |
| -against- | : : | **ANSWER AND DEFENSES** |
| DGNY GROUP INC. d/b/a SON CUBANO and ALEXANDER DURAN, | : : : : | |
| Defendants. | : : | |

Defendants, DGNY Group Inc. d/b/a Son Cubano ("Son Cubano") and Alexander Duran ("Defendant Duran") (collectively "Defendants"), through their attorneys, Jackson Lewis P.C., for their answer and defenses to Plaintiff Mario Ronaldo Cun's ("Plaintiff") complaint, state as follows:

### I.   Nature of Action, Jurisdiction, and Venue

1.      The allegations set forth in paragraph 1 of the complaint set forth a description of the action, not factual allegations, to which no response is required. To the extent a response may be required, deny any alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a), *et seq.* (the "NJWHL"), or the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.* (the

"NJWPL").

2.      The allegations set forth in paragraph 2 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendants do not contest this Court's jurisdiction over Plaintiff's claims.

3.      The allegations set forth in paragraph 3 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendants do not contest this Court's supplemental jurisdiction over Plaintiff's claims under the NJWHL or the NJWPL.

4.      The allegations set forth in paragraph 4 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendants do not contest venue.

## II. Parties

5.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's current residency.

6.      The allegations set forth in paragraph 6 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant Duran reserves the right to assert any and all defenses available including, *inter alia*, that he does not qualify as an "employer" under all referenced statutes.

7.      The allegations set forth in paragraph 7 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, admit that Son Cubano restaurant is located at 40-4 Riverwalk Place, West New York, New Jersey 07093.

8.      Admit the allegations set forth in paragraph 8 of the complaint.

9.     Admit the allegations set forth in paragraph 9 of the complaint.

10.    Admit the allegations set forth in paragraph 10 of the complaint.

11.    The allegations set forth in paragraph 11 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendants reserve the right to assert any and all defenses available including non-coverage under the FLSA.

12.    The allegations set forth in paragraph 12 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendants reserve the right to assert any and all defenses available under the FLSA, NJWHL and NJWPL including that Defendants are not subject to suit.

### III. FLSA Collective Action Allegations

13.    The allegations set forth in paragraph 13 of the complaint constitute a description of the action, not factual assertions, to which no response is required. To the extent a response may be required, deny any violations under the FLSA or that Plaintiff is similarly situated to anyone he seeks to represent in this matter.

14.    Deny the allegations set forth in paragraph 14 of the complaint and aver that all dishwashers, cooks and other food preparers, busboys, and waiters who work in excess of forty (40) hours in a workweek received proper overtime compensation under the FLSA.

15.    Deny the allegations set forth in paragraph 15 of the complaint and aver that Son Cubano properly compensated all non-exempt employees at an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty (40) in a workweek.

16.    Deny the allegations set forth in paragraph 16 of the complaint.

17.    Deny the allegations set forth in paragraph 17 of the complaint.

18.     Deny the allegations set forth in paragraph 18 of the complaint.

## IV. Factual Allegations

19.     Admit only that Son Cubano employed Plaintiff as a sous chef with responsibilities that included, *inter alia*, screening of applicants, hiring of employees, supervision of a staff of two (2) to three (3) line cooks each shift, menu design and creation, inventory, and strategy for inventory reduction (e.g., design of specials, soups of the day, etc.). By way of further response, Plaintiff served as Acting Head Chef for all of 2017, responsible for approximately ten (10) to fifteen (15) line-cooks.

20.     Deny the allegations set forth in paragraph 20 of the complaint.

21.     Deny the allegations set forth in paragraph 21 of the complaint.

22.     Deny the allegations set forth in paragraph 22 of the complaint and aver that Plaintiff communicated with Defendant Duran via text messages and social media with pictures of his menu creations as well as Plaintiff's menu items.

23.     Deny the allegations set forth in paragraph 23 of the complaint.

24.     The allegations set forth in paragraph 24 of the complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, deny the allegations in paragraph 24 of the complaint except to admit that Son Cubano did not employ Plaintiff in an outside sales capacity.

25.     Deny the allegations set forth in paragraph 25 of the complaint.

26.     Deny the allegations set forth in paragraph 26 of the complaint and aver that Plaintiff's hours varied based upon season.

27.     Deny the allegations set forth in paragraph 27 of the complaint and aver that all employees take a meal break from 3:00 p.m. to 4:00 p.m. daily, at which time Son Cubano

provides a meal for all employees.

28.   Deny the allegations set forth in paragraph 28 of the complaint.

29.   The allegations set forth in paragraph 29 of the complaint concern facts and/or events that fall outside the applicable statute of limitations and, therefore, no response is required or provided.

30.   Deny the allegations set forth in paragraph 30 of the complaint.

31.   Deny the allegations set forth in paragraph 31 of the complaint.

32.   Deny the allegations set forth in paragraph 32 of the complaint.

33.   Deny the allegations set forth in paragraph 33 of the complaint except to admit Son Cubano compensated Plaintiff on a salary basis.

34.   Deny the allegations set forth in paragraph 34 of the complaint except to admit Son Cubano compensated Plaintiff on a salary basis.

35.   Deny the allegations set forth in paragraph 35 of the complaint except to admit Son Cubano compensated Plaintiff on a salary basis.

36.   Deny the allegations set forth in paragraph 36 of the complaint except to admit Son Cubano compensated Plaintiff on a salary basis.

37.   Admit the allegations set forth in paragraph 37 of the complaint.

38.   Deny the allegations set forth in paragraph 38 of the complaint.

39.   Deny the allegations set forth in paragraph 39 of the complaint.

40.   Deny the allegations set forth in paragraph 40 of the complaint.

41.   Deny the allegations set forth in paragraph 41 of the complaint.

42.   Deny the allegations set forth in paragraph 42 of the complaint.

43.   Deny the allegations set forth in paragraph 43 of the complaint.

## AS AND FOR A FIRST CAUSE OF ACTION BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

44.     Defendants repeat and reassert their answers to paragraphs 1 through 43, inclusive, as though set forth fully in response to paragraph 44 of the complaint.

45.     Deny the allegations set forth in paragraph 45 of the complaint.

46.     Deny the allegations set forth in paragraph 46 of the complaint.

47.     Deny the allegations set forth in paragraph 47 of the complaint.

48.     Deny the allegations set forth in paragraph 48 of the complaint except to admit that Son Cubano compensated Plaintiff on a salary basis.

49.     Deny the allegations set forth in paragraph 49 of the complaint.

50.     Deny the allegations set forth in paragraph 50 of the complaint.

51.     Deny the allegations set forth in paragraph 51 of the complaint.

52.     Deny the allegations set forth in paragraph 52 of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the New Jersey Wage and Hour Law)*

53.     Defendants repeat and reassert their answers and defenses to paragraphs 1 through 52 inclusive, as though set forth fully in response to the allegations in paragraph 53 of the complaint.

54.     Deny the allegations set forth in paragraph 54 of the complaint.

55.     Deny the allegations set forth in paragraph 55 of the complaint.

56.     Deny the allegations set forth in paragraph 56 of the complaint.

57.     Deny the allegations set forth in paragraph 57 of the complaint except to admit that Son Cubano compensated Plaintiff on a salary basis.

58.     Deny the allegations set forth in paragraph 58 of the complaint.

59.     Deny the allegations set forth in paragraph 59 of the complaint.

60.     Deny the allegations set forth in paragraph 60 of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

61.     Defendants repeat and reassert their answers and defenses to paragraphs 1 through 60 inclusive, as though set forth fully in response to the allegations in paragraph 61 of the complaint.

62.     Deny the allegations set forth in paragraph 62 of the complaint.

63.     Deny the allegations set forth in paragraph 63 of the complaint.

64.     Deny the allegations set forth in paragraph 64 of the complaint.

65.     Deny the allegations set forth in paragraph 65 of the complaint.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred because they are without merit as a matter of both fact and law.

### AS AND FOR A THIRD DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH DEFENSE

Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

## AS AND FOR A FIFTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the types of claims alleged by Plaintiff are matters in which individualized questions or fact and proof of damages predominate, defeating the purported efficiency of the collective action device.

## AS AND FOR A SIXTH DEFENSE

Some or all of the claims asserted in the Complaint are barred because a collective action would be unmanageable and is not superior to other available methods for the fair and efficient adjudication of this controversy.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff is not an adequate representative of the putative collective action and, as such, the Court should not authorize notice to be issued or certification (conditional or otherwise).

## AS AND FOR AN EIGHTH DEFENSE

The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

## AS AND FOR A NINTH DEFENSE

Should this Honorable Court certify this matter (conditionally or otherwise) as a class action, Defendants reasserts each of these defenses with respect to each person filing a consent in this action.

## AS AND FOR A TENTH DEFENSE

Defendants reserve the right to assert counterclaims with regard to Plaintiff's legal theories.

8

## AS AND FOR AN ELEVENTH DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations occurred, which prevented Defendants from taking any action to remedy such alleged violations.

## AS AND FOR A TWELFTH DEFENSE

Any damages that Plaintiff could recover must be eliminated or reduced by his failure to mitigate damages.

## AS AND FOR A THIRTEENTH DEFENSE

Some of Plaintiff's claims may be barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff is not entitled to overtime compensation because she was exempt from overtime compensation in accordance with the FLSA, New Jersey law and their accompanying regulations, including but not limited to, including   bona fide executive (29 C.F.R. § 541.100), administrative (29 C.F.R. § 541.200), or professional capacity (29 C.F.R. § 541.300) exemptions (or a combination thereof) pursuant to 29 U.S.C. § 213(a)(1) and N.J.A.C. § 12:56-7.1-7.2.

## AS AND FOR A FIFTEENTH DEFENSE

Defendants believed in good faith and had reasonable grounds for believing that Plaintiff was exempt from the overtime requirements of the FLSA and New Jersey law.

## AS AND FOR A SIXTEENTH DEFENSE

Defendants did not willfully commit any alleged violations of the FLSA, NJWHL or NJWPL.

9

## AS AND FOR A SEVENTEETH DEFENSE

The Complaint is barred, in whole or in part, because Defendants have, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

## AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff has been paid all wages, payments, and benefits due and, as such, cannot state a cause of action upon which relief could be granted.

## AS AND FOR A NINETEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is estopped by his own conduct from claiming any damages or relief against Defendants.

## AS AND FOR A TWENTIETH DEFENSE

At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A TWENTY-FIRST DEFENSE

To the extent Plaintiff's Complaint is vague and ambiguous, Plaintiff should provide Defendants with a more definitive statement of the facts that form the basis for the legal claims against Defendants.  Defendants reserves the right to supplement or amend its answer and defenses upon any such clarification.

## AS AND FOR A TWENTY-SECOND DEFENSE

Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that he has not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not

compensable.

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the application of the doctrine of payment. Plaintiff has been paid all wages due.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff's claims for liquidated damages under the FLSA fail because all decisions regarding Plaintiff's compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA and/or New Jersey law.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Defendants reserves the right to modify, supplement and/or add further defenses as they become known throughout the course of discovery or otherwise.

## AS AND FOR A TWENTY-SIX DEFENSE

Defendants seek an offset for any amounts paid to Plaintiff as overtime compensation during his employment.

WHEREFORE, Defendants respectfully request that this Court:

a.     Dismiss the complaint in its entirety;

b.     Deny each and every demand, claim and prayer for relief contained in the complaint;

c.     Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d.     Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ  07960-6834
(973) 538-6890

By: */s/ James M. McDonnell*
      James M. McDonnell
      Beth L. Braddock

Dated:  December 7, 2018

4825-1389-8112, v. 1